FRANCIS D. MURPHY, PROSECUTOR, v. TOWN OF WEST NEW YORK ET AL., DEFENDANTS.

Submitted January 29, 1943—Decided July 14, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Anthony J. Armore.*

For the defendants, *Irwin Rubenstein* and *Isadore Glauberman.*

The opinion of the court was delivered by

DONGES, J.   The writ in this case brings up for review a resolution of the Board of Commissioners of the Town of West New York creating an emergency appropriation in the sum of $10,000 and authorizing the issuance of an emergency note in that amount.

Motions are made by the defendants to dismiss the writ for failure to serve papers within time and to suppress a part of the state of the case.   We deem that the matters complained of in the motions are immaterial and not of sufficient moment to preclude a determination of the meritorious questions which are fully covered in the briefs.   The motions, therefore, are denied.

The resolution in question recites in part:

"Whereas, an emergency has arisen with respect to litigation in connection with funds on deposit in the closed New Jersey Title Guarantee & Trust Company, * * *

"1. Now, therefore, be it resolved, that an emergency appropriation be and the same is hereby made pursuant to *R. S.* 40:2–31(1) in the total amount of $10,000."

*R. S.* 40:2–31(1) authorizes the making of emergency appropriations in certain cases and requires that, in case of such action, "The governing body shall, by resolution adopted by two-thirds vote of all the members, declare that an emergency exists requiring a supplementary appropriation. The resolution shall be in the form and content prescribed by the State Board, and shall set out the nature of the emergency in full."

Prosecutor, a citizen and taxpayer of the municipality, contends that the resolution is invalid because (1) it does not declare that an emergency exists requiring an emergency appropriation, (2) it does not set out the nature of the emergency in full, and (3) no emergency in fact exists.

We think the first objection is not well founded. The resolution sufficiently states the existence of an emergency and goes on to say that no funds are available in the regular budget for the purpose mentioned in the resolution. This seems to be a sufficient declaration of the existence of an emergency.

The second point is that the resolution does not "set out the nature of the emergency in full." The only statement of the nature of the emergency contained in the resolution was that it arose with "respect to litigation in connection with funds on deposit in the closed New Jersey Title Guarantee and Trust Company." This is nothing more than a statement of the subject-matter of the alleged emergency. It states nothing of the nature of the emergency, much less than stating the nature in full. We are of the opinion that the resolution is defective in this regard.

The third point is that no emergency in fact exists. Whether or not an emergency in fact exists, within the contemplation of this statute, is a question for the court, and the determination of the municipality on that fact is not conclusive. *Lyons* v. *City of Bayonne,* 101 *N. J. L.* 455.

It appears that the New Jersey Title Guarantee and Trust Company closed in February, 1939. The municipality had

a large sum on deposit in the closed bank and made a claim for a preference. This being denied, special counsel was retained to establish a preference. A bill was filed in the Court of Chancery. The cause came to issue and was set down for trial at various times and postponements were had. It was finally set for trial in May, 1942, but in March, 1942, the Director of Revenue and Finance notified counsel in charge of the litigation that he was discharged. Following negotiations, new counsel was retained and under date of August 12th, 1942, the emergency resolution in question was adopted. The funds sought to be raised were to be used for the most part, $7,500 out of the $10,000 provided for, as a retainer for the new attorney, he having declined to take the matter on a contingent basis and insisting upon a retaining fee of $7,500.

Can this situation be said to disclose an emergency? We think not. It is true that the litigation had dragged on for what may appear to be an undue length of time. There had, however, been no protests on the part of the municipality. The Director of Revenue testified that about two or three months before discharging the attorney he had requested him to expedite the matter, but he further testified he had been content during the two and a half years that had elapsed before that time. There was no threat that the litigation was about to be dismissed for lack of prosecution or for lack of competent counsel to look after it. We have merely a situation where the director was of the opinion that new counsel should be retained because former counsel had as yet obtained no favorable results. We think this fails to constitute an emergency within the meaning of the statute.

The resolution under review is set aside.

Prosecutor also seeks a writ to review a resolution dated October 5th, 1942, authorizing payment of $7,500 to the counsel retained and to review the contract employing special counsel. In view of the conclusion above reached, we think a writ should go in this matter also.